UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**IN ADMIRALTY**

CASE NO. _____

NATALIA BERCANDE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, NATALIA BERCANDE hereby sues CARNIVAL CORPORATION and alleges:

## PRELIMINARY ALLEGATIONS

1.     The Plaintiff, NATALIA BERCANDE, is a citizen of Florida.

2.     Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a corporation incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida.

3.     This matter arises out of the maritime and Admiralty claim that is controlled by federal general maritime law of the United States pursuant to 28 U.S.C. § 1333 and sets forth an Admiralty and Maritime claim within the meaning of Supplemental Rule 9(h).

4.     Current applicable law holds that venue is proper in this Court, pursuant to the passenger ticket issued by Defendant, CARNIVAL, that contains a venue selection clause.

5.     This Court has personal jurisdiction over Defendant, CARNIVAL because at all

times material hereto, Defendant, personally or through an agent, officers, and/or representatives:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Horizon*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States; and Plaintiff further asserts all applicable claims afforded under Florida state law.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Carnival Horizon*.

9. At all times material hereto, Defendant had exclusive custody and control of the *Carnival Horizon*.

10. At all times material hereto, Defendant was on notice of prior substantially similar slip and fall accident in the area located on and around the Dr. Seuss Water Park, involving minors and parent guests aboard the *Carnival Horizon* and failed to correct the conditions timely.

11. On or about November 21, 2022, BERCANDE accompanied her young child to the

2

Dr. Seuss Water Park.

12.    Due to CARNIVAL's negligent manner of operations, failure to provide proper policies and procedures for the safe usage of slides intended for children under the age of 5, its failure to provide proper supervision in a slide intended, and designed for young children, lack of operational control, lack of and/or visible warning signs, negligent operations in light of Dr. Seuss Water Park design and/or construction, BERCANDE's two (2) year old child was struck by other older children and passengers.

13.    On or about November 21, 2022, BERCANDE looked for assistance but CARNIVAL personnel and/or crew were not in the area to assist.

14.    On or about November 21, 2022, BERCANDE attempted to save her child from being struck by other passengers on the Dr. Seuss Water Park slide, and due to CARNIVAL's complete lack of operational control and/or supervision, BERCANDE stepped on part of the slide that was extended and meant for passengers using the Dr. Seuss Water Park slide to walk and exit the slide.

15.    At all times material hereto, the area of the Dr. Seuss Water Park slide that BERCANDE traversed and walked on was designed, constructed and/or designated walking pathway utilized by passengers, including minor passengers, to exit the slide.

16.    While BERCANDE traversed the designed walking pathway, the plaintiff sliopped and/or stepped onto an improperly marked and/or concealed portion of the Dr. Seuss Water Park exit walking pathway severely fractured her right ankle and/or leg.

17.    Due to the lack of signage signaling the unsafe, improperly marked, concealed hazardous condition, and/or slippery condition of the Dr. Seuss Water Park walking pathway, BERCANDE was caused to slip and/or trip resulting in a severe fracture to her right ankle and/or leg.

18.     At all times material hereto, CARNIVAL's negligent manner of operations, failure to provide proper policies and procedures for the safe usage of slides intended for children, its failure to provide proper supervision in a slide intended, and designed for young children, lack of operational control, lack of warning signs, lack of any visible policies and procedures, and/or negligent design, construction and/or use of the Dr. Seuss Water Park slide designated walking pathway, to exit the slide, where the sole and proximate cause of BERCANDE's injuries.

19.     Following the accident, CARNIVAL failed to promptly, properly and/or adequately treat BERCANDE, including failure to properly diagnose BERCANDE's condition and failure to inform her of a severe fracture, thereby exacerbating her condition.

20.     CARNIVAL was further negligent on the post-incident medical treatment of BERCANDE. CARNIVAL informed her that she had a "ankle sprain" and failed to properly stabilize her ankle and/or failed to fully advise BERCANDE of the severity of the fracture.

21.     As a result of CARNIVAL's negligence, BERCANDE sustained a severe leg fracture and underwent surgery as well as ligament repair, which was further exacerbated by CARNIVAL's post-incident medical treatment.

22.     As a result of CARNIVAL's negligence, BERCANDE has endured needless pain and suffering, incurred significant medical costs, lost income and other monetary damages related to the personal injuries suffered by BERCANDE aboard the subject vessel.

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

23.     At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

24.     At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

25.     On or about November 21, 2022, Plaintiff was on the Lido Deck slide which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

26.     On or about November 21, 2022, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

a.     Failure to warn Plaintiff of the slip and/or tripping hazard(s) posed to her by the designated pathway in the subject area; and/or

b.     Failure to warn Plaintiff of the risk(s) and/or hazard(s) posed to her due to the lack of adequate maintenance and/or inspection of the subject area where Plaintiff suffered her accident; and/or

c.     Failure to warn of other accidents previously occurring on same area and/or type of pathway flooring condition under substantially similar circumstances; and/or

d.     Failure to warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the area where passengers were required to walk aboard the vessel; and/or

e.     Failure to verbally warn and/or place warning signs on or around the subject slide and/or designated pathway of the slide and/or hazardous flooring condition in the subject area; and/or

f.     Failure to block off or place a caution sign so as to warn passengers including Plaintiff of the raised and/or step down of the designate pathway, and/or hazardous flooring condition in the subject area; and/or

g.      Failure to warn passengers, including the Plaintiff, of the dangerous condition.

27.      The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

28.      At all times material hereto, the subject area was not properly or adequately maintained so as to warn passengers, including the Plaintiff, of the concealed step and/or hazardous flooring conditions, thereby creating a dangerous and/or hazardous condition.

29.      At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe flooring conditions including, but not limited to, concealed step and/or hazardous flooring condition in areas without proper or sufficient handrails or other assistance, while aboard Defendant's vessels and/or other vessels reported within the cruise industry.

30.      As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

31.     At all times material hereto, as a result of the incident, BERCANDE's injuries are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT MAINTENANCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

32.     At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33.     At all times material hereto, it was the non-delegable duty of Defendant to maintain its subject walkways, platforms, and decks in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking aboard the vessel.

34.     On or about November 21, 2022, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a.  Failure to maintain a reasonably safe walking path in the subject area of Plaintiff's slip, trip and/or fall; and/or

    b.  Failure to maintain the subject area where Plaintiff suffered her accident in a reasonably safe condition; and/or

    c.  Failure to adequately and regularly inspect the subject area for unsafe flooring surfaces so that passengers, including the Plaintiff, were reasonably safe aboard the vessel; and/or

    d.  Failure to adequately and regularly inspect the subject area for unsafe flooring conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel; and/or

    e.  Failure to adequately and regularly monitor the subject area to maintain it free of tripping hazardous conditions so that passengers, including the Plaintiff, were

reasonably safe aboard the vessel.

35.     The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

36.     At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

37.     At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them.  This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe flooring conditions including, but not limited to, concealed step and/or hazardous flooring condition in an area without proper or sufficient handrails or other assistance, while walking on Defendant's vessels or other vessels reported within the cruise industry.

38.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

39.    Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## <u>COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

40.    At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

41.    At all times material hereto, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

a.  Failure to provide passengers, including Plaintiff, with a walking area free of slipping and/or tripping hazards; and/or

b.  Failure to identify the tripping hazard(s) which caused Plaintiff to slip, trip and/or fall in the subject area; and/or

c.  Failure to correct the hazard(s) which caused Plaintiff to suffer her accident in the subject area; and/or

d.  Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her accident; and/or

e.  Failure to close off access to the area where Plaintiff suffered her accident until such time as the condition causing Plaintiff's accident was corrected; and/or

f.  Failure to ascertain the cause of prior similar accidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

g.  Failure to use reasonably safe materials at the concealed step and/or threshold where Plaintiff fell; and/or

h.  Failure to use a reasonably safe design for the slide area and/or flooring in the area of Plaintiff's incident; and/or

i.  Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the hazardous condition which caused Plaintiff's incident would be discovered and corrected; and/or

j.  Failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the hazardous condition that caused Plaintiff's injury; and/or

k.  Failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers.

42.     At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe conditions including, but not limited to, the raised metal threshold and/or hazardous flooring conditions, thereby creating a hazardous condition, while on Defendant's vessels and/or other vessels reported within the cruise industry.

43.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

       **WHEREFORE**, the Plaintiff, NATALIA BERCANDE demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: September 19, 2023               Respectfully submitted,

                        GONZALEZ, P.A.
                         Alejandro J. Gonzalez, Esq.
                        *Attorney for Plaintiff*
                        19 S. Krome Avenue
                        Homestead, Florida 33030
                        Telephone No.: (786) 429-1511
                        Facsimile No.: (305) 230-3298

                By:  */s/ Alejandro J. Gonzalez*
                        **ALEJANDRO J. GONZALEZ**
                        Florida Bar No. 015293
                        alex@agonzalezlaw.com
                        info@agonzalezlaw.com